**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADENIKE ADEBIYI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1996 |
| vs. | ) | |
| | ) | Judge David H. Coar |
| CHICAGO HEIGHTS POLICE | ) | |
| DEPARTMENT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Chicago Heights Police Department and Officer Tom Rogers, ("Defendants") by and through their attorney, K. Austin Zimmer, of Del Galdo Law Group, LLC, and for its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

1. Plaintiff's lawsuit was originally filed on April 8, 2008 and seeks relief for alleged actions that occurred on April 9, 2005.

2. The untimely Complaint filed by Plaintiff, Adenike Adebiyi, alleges that on April 9, 2005, she was falsely arrested. (Pl's Compl. at p. 2). Specifically, Plaintiff alleges that she "was falsely arrested and subsequently charged for a crime that was claimed to have happened during the period in which the plaintiff was unconscious." (Pl's Compl. at p. 2).

3. It is well-settled law that the applicable statue of limitations in Illinois for §1983 claims is two (2) years. *Evans v. City of Chicago,* 434 F.3d 916, 934 (7th Cir. 2006).

4. Plaintiff's Complaint was filed approximately three (3) years after the alleged false arrest occurred. Furthermore, a claim for false arrest accrues at the time of the arrest. *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006).

5. Therefore, Plaintiff's Complaint must be dismissed due to the passage of the statute of limitations.

WHEREFORE, Defendants, respectfully request this Court to dismiss Plaintiff's Complaint with prejudice.

                    Respectfully submitted,

                    Del Galdo Law Group, LLC

                    By:   s/K. Austin Zimmer
                            K. Austin Zimmer, Esq.

K. Austin Zimmer, Esq. (ARDC #6276227)
Del Galdo Law Group, LLC
10526 West Cermak Road, Suite 300
Westchester, IL  60154
708-531-8800

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADENIKE ADEBIYI ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1996 |
| vs. ) | |
| ) | Judge David H. Coar |
| CHICAGO HEIGHTS POLICE ) | |
| DEPARTMENT, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Chicago Heights Police Department and Officer Tom Rogers, ("Defendants") by and through their attorney, K. Austin Zimmer, of Del Galdo Law Group, LLC, submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and further state as follows:

**I.
INTRODUCTION**

Plaintiff's Amended Complaint filed on May 27, 2008 seeks relief for alleged actions that occurred on April 9, 2005. As a matter of law, this Complaint must be dismissed because the lawsuit was not filed within the applicable statute of limitations. It is well-settled law that two (2) years is the appropriate time period for filing actions under 42 U.S.C. §1983 in Illinois.[1] Therefore, Defendants respectfully request the Court to dismiss Plaintiff's Complaint with prejudice and against further re-pleading.

**II.
STANDARD UNDER FED. R. CIV. P. 12(B)(6)**

---
[1] Plaintiff's Complaint was filed pro-se and does not specifically reference 42 U.S.C. §1983. However, the Complaint alleges claims of false arrest and excessive force, which are claims made under §1983.

The Court should dismiss a complaint for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." *Smith v. Cash Store Mgmt., Inc.*, 195 F. 3d 325, 327 (7th Cir. 1999). Under Fed. R. Civ. P. 12(b)(6), in evaluating a motion to dismiss, the Court must accept as true all allegations contained in the complaint and draw reasonable inferences in favor of the Plaintiff. *See Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002).

If, under a liberal reading of the complaint, a plaintiff's allegations are not legally sufficient to state a claim upon which relief can be granted, the Court should dismiss the complaint. *See Conley v. Gibson,* 355 U.S. 41, 45 (1957) (applying a liberal standard to the review of Plaintiff's complaint); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (finding Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint). And, if the Court finds that no set of facts can be pleaded to state a claim, then the Court should dismiss the case.

### III.
### STATEMENT OF PLAINTIFF'S ALLEGATIONS

The untimely Complaint filed by Plaintiff, Adenike Adebiyi, alleges that on April 9, 2005, she was falsely arrested. (Pl's Compl. at p. 2). Specifically, Plaintiff alleges that she "was falsely arrested and subsequently charged for a crime that was claimed to have happened during the period in which the plaintiff was unconscious." (Pl's Compl. at p. 2). Moreover, Plaintiff alleges that "during the arrest, the officers did something to [her] that made the Plaintiff to be unconscious." (Pl's Compl. at p. 1).

### IV.
### ARGUMENT

A. <u>PLAINTIFF'S COMPLAINT IS UNTIMELY AND IS BARRED BY THE STATUE OF LIMITATIONS.</u>

The statute of limitations period for §1983 claims is the limitation period for personal injury claims in the state for which the alleged violation occurred. *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir, 1998). In Illinois, that period is two (2) years. *Id.* In this case, it undisputed that the alleged acts occurred on April 9, 2005 and that this lawsuit was initiated on April 8, 2008. Therefore, this Complaint was filed well-over two (2) years after the date the alleged violation occurred.

Federal law determines that a §1983 action accrues "when a plaintiff knows or has reason to know of the injury that is the basis for the action." *Sellers v. Perry*, 80 F.3d 253, 245 (7th Cir. 1996). Here, Plaintiff alleges that on April 9, 2005 she was a victim of a false arrest. A claim for false arrest under §1983 accrues at the time of the arrest. *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006). In this case, Plaintiff's action accrued on April 9, 2005. Here, Plaintiff's complaint was filed on April 8, 2008, approximately three years after her claims accrued. Accordingly, Plaintiff's Complaint was not filed within two (2) years and must be dismissed with prejudice.

## V.
## <u>CONCLUSION</u>

For the abovementioned reasons, Defendants respectfully requests this Court to dismiss Plaintiff's lawsuit with prejudice and against further re-pleading.

Respectfully submitted,

        Del Galdo Law Group, LLC

      By: s/K. Austin Zimmer
        K. Austin Zimmer, Esq.

K. Austin Zimmer, Esq. (ARDC #6276227)
Del Galdo Law Group, LLC
10526 West Cermak Road, Suite 300
Westchester, IL  60154
708-531-8800

4